**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SHEET METAL WORKERS' UNION** | * | |
| **LOCAL#441 HEALTH and WELFARE** | * | |
| **FUND and ROBERT GORAM,** | * | |
| **ROBERT PAYNE, CHRISTOPHER** | * | |
| **COOK and JOSEPH VALLEE,** | * | |
| **in their official capacities as trustees of** | * | |
| **the Plan, ROBERT GORAM, ROBERT** | * | |
| **PAYNE, and CHRISTOPHER COOK,** | * | |
| **in their official capacity as Trustees of** | * | |
| **the  Plan; and SHEET METAL** | * | |
| **WORKERS INTERNATIONAL** | * | |
| **ASSOCIATION, LOCAL 441,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Civil Action No.  _____** |
| | * | |
| **ACE FABRICATION, INC. and,** | * | |
| **WILLIAM F. STEWART, III,** | * | |
| **and ROBIN C. STEWART, individually,** | * | |
| | * | |
| **Defendants.** | * | |

**COMPLAINT**

**Jurisdiction**

1.      This action arises under §505 and §515 of the Employee Retirement Income

Security Act ("ERISA"), 29 U.S.C. §1145 and 29 U.S.C §1132,  and § 301(a) of the Labor

Management Relations Act ("LMRA"),  29 U.S.C. § 185(a).

**Parties**

2.      Plaintiff Robert Goram is a management Trustee on the Sheet Metal Workers

Union Local #441 Health and Welfare Fund [hereinafter "WELFARE FUND"].  Mr. Goram is

the President of Goram Air Conditioning, and he is a "fiduciary" on the Welfare Fund within the

1

meaning of ERISA, 29, U.S.C. §1003(21)(A).

3.      Plaintiff Joseph Vallee is a management Trustee on the Welfare Fund.  Mr. Vallee is a Vice-President at James B. Donaghey Mechanical Contractors, and he  is a "fiduciary" on the Welfare Fund within the meaning of ERISA, 29, U.S.C. §1003(21)(A).

4.      Plaintiff Christopher Cook is a union Trustee on the Welfare Fund.  Mr. Cook is the President of Sheet Metal Workers International Association Local Union  #441[hereinafter "UNION"], and he is a "fiduciary" on the Welfare Fund within the meaning of ERISA, 29, U.S.C. §1003(21)(A).

5.      Plaintiff Robert Payne is a union Trustee on the Welfare Fund.  Mr. Payne is the Business Manager of the Union, and he is a "fiduciary" on the Welfare Fund within the meaning of ERISA, 29, U.S.C. §1003(21)(A).

6.      Plaintiff Sheet Metal Workers Local 441 Health and Welfare Fund is a Taft-Hartley trust fund established pursuant to § 301(c)(6) of the Labor Management Relations Act ("LMRA"),  29 U.S.C. § 185(c)(6).

7.      Plaintiff Union is a  labor organization within the meaning of § 2(5) of the LMRA, 29 U.S.C.,  § 152(5) and, as such, represents certain employees of the Defendants for purposes of collective bargaining at Defendants' business.

8.      Defendant Ace Fabrication, Inc.  [hereinafter "ACE"], upon information and belief, is a corporation organized under the laws of the State of Alabama.  Ace is also an "employer" within the meaning of ERISA, 29 U.S.C. §1002(5).

9.      Defendant, William F. Stewart, III [hereinafter " W. STEWART"], individually, is over the age of nineteen (19) and resides in Mobile County, Alabama.

2

10.     Defendant, Robin C. Stewart [hereinafter "R. STEWART"], individually, is over the age of nineteen (19) and resides in Mobile County, Alabama.

**Nature of the Claim**

11.     This is a proceeding for a declaratory judgment finding that Defendant Ace is in violation of the Welfare Fund's documents, ERISA, and the collective bargaining agreement by failing to make required contributions to the Plaintiffs, and as a result is delinquent in amounts shown by the requested audit.  Plaintiffs also seek a preliminary and permanent injunction requiring the Defendant to comply with its contractual obligations under the collective bargaining agreement and special agreements and requiring the Defendant to submit to an audit of its payroll accounts as required by the collective bargaining agreement, the trust and ERISA. Plaintiffs also seek to recover against Defendants W. Stewart and R. Stewart, individually, as guarantors of the obligations owed by Defendant Ace.

**Facts**

12.     The Welfare Fund is a "trust fund" established by collective bargaining pursuant to §302(c)(5) and (6) of the National Labor Relations Act, 29 U.S.C. § 186(c)(5) and (6) for the purpose of providing employee health benefits to, among others, eligible employees of Defendant Ace, a corporation.  The Welfare Fund is also an  "employee welfare benefit plan" within the meaning of ERISA, 29  U.S.C. §§ 102(1).  The Welfare Fund is also a "multiemployer plan" within the meaning of ERISA, 29 U.S.C. §1002(37)(A).  As such, employers and employees are equally represented in the administration of the Welfare Fund.  The Trustee Plaintiffs have an obligation to use reasonable diligence to ensure that the Welfare Fund receives all contributions owed to the Fund.  This diligence in collections is required by ERISA

for several reasons, including prohibiting extensions of credit to employers who fail to make required contributions and reducing the likelihood of other contributing employers from subsidizing the delinquent employers since participants must be awarded credit on the basis of service performed for the employer regardless of whether the employer has made or defaulted on its contributions.

13.     At all relevant times herein, Defendant Ace was a signatory to a collective bargaining agreement with the Union,  and consequently was a contributing employer under the Welfare Fund.  The applicable collective bargaining agreement has effective dates of April 1, 2009, through March 31, 2010, which automatically continued until expiration on March 31, 2011.  In said collective bargaining agreement, Defendant Ace agreed, among other things, to make health and welfare contributions to the Welfare Fund and to honor working assessment deduction authorizations and remit said deductions to Plaintiff Union.

14.     Defendants W. Stewart and R. Stewart executed personal guarantees and an agreement and promissory note to the Welfare Fund, personally guaranteeing the contribution obligations of Defendant Ace.

15.     The Welfare Fund's records indicate that Defendant Ace has failed to make timely contributions to the Welfare Fund since March 2010.  Defendant Ace has worked employees on whose behalf contributions for health and welfare benefits are required by the applicable collective bargaining agreement since February 2010.  Defendant Ace became delinquent in contributions to the Welfare Fund, and as a result of the delinquencies, Defendant has incurred liquidated damages and penalties.

16.     Defendant Ace is also delinquent in remitting the working assessment deductions to Plaintiff Union since May 2010.  These were wages already earned by employees

4

of the Defendant that were converted to Defendant's own use, instead of directed to Plaintiff Union as authorized by Defendant's employees.

17.    Under the terms of the collective bargaining agreement, the Welfare Fund's documents and ERISA Sections 502(g)(2), 29 U.S.C. §1132 (g)(2), and 515, 29 U.S.C. §1145, the Welfare Fund is entitled to the unpaid amounts of contributions; interest on the unpaid amounts; and an amount equal to the greater of either the interest on the unpaid contributions or liquidated damages provided for under the Fund.

18.    Under the terms of the collective bargaining agreement, the Union is entitled to collect the working assessments deducted by Defendant Ace.

19.    Defendant Ace has employed employees covered by the collective bargaining agreement and failed to make the contributions to the Welfare Fund as required by the collective bargaining agreements, the trust and ERISA since February 2010.  The failure of Defendant Ace to make the contributions referred to herein, constitutes violations of the collective bargaining agreements, the declaration of trust and ERISA.  Defendant Ace has  failed to remit deducted working assessments to Plaintiff Union since May 2010 as required by the collective bargaining agreements.

### Count I: Violation of  29 U.S.C. §1145

20.    At all relevant times herein, Defendant Ace was a signatory to a collective bargaining agreement with the Union, and was a contributing employer under the Welfare Fund. In said collective bargaining agreement, Defendant Ace agreed, among other things, to make health and welfare contributions to the Welfare Fund.

21.    Defendant Ace has failed to make the contributions required by the collective

bargaining agreement, the trust and ERISA.  The Welfare Fund's records indicate that Defendant Ace has failed to make timely contributions to the Fund since March 2010.  Defendant Ace has worked employees on whose behalf contributions for health and welfare benefits are required by the applicable collective bargaining agreement since February 2010.   In addition to the specific contributions owed to the Welfare Fund, Defendant Ace is also liable for liquidated damages in the amount of twenty percent (20%) of the contributions due to the plan, and interest lost on the delinquent contributions calculated at the rate of twelve percent (12%) per annum from the date such payment was due.

22.     Defendant Ace is delinquent in contributions to the Welfare Fund in the amount of $81,726.53.  The collective bargaining agreement terminated as of March 31, 2011.  As of the filing of the Complaint, Defendant Ace has employed employees covered by the collective bargaining agreement during the month of March 2011, but contributions for the month of March have not yet been reported.  Therefore, at this time, the Welfare Fund is unable to state the exact amount of the delinquency.  In addition to the delinquencies owed to the Welfare Fund, Defendant Ace owes interest on the unpaid contributions in the amount of $7,770.19, as well as liquidated damages of $16,345.31.

23.     The Trustees of the Welfare Fund have requested that Defendant Ace make all payments which are due. [Ex. A].  Ace has refused to do so. The failure of Ace to make the contributions referred to herein, constitutes violations of the  collective bargaining agreement, the declaration of trust and  ERISA.

### Count II: Violation of 29 U.S.C. § 185(a)

24.     During a period from April 1, 2009 through March 31, 2011, Defendant Ace

6

was signatory to a collective bargaining agreement with Plaintiff Union which required

Defendant to honor working assessment deduction authorizations, and to remit said deductions to

Plaintiff Union.

25.    During the months of May and July 2010, and September 2010 through March 31,

2011, Defendant Ace employed  numerous employees represented by Plaintiff Union.  Although

the employees were paid wages by Defendant Ace, and Defendant deducted from its employees'

wages specified amounts as working assessments, Defendant failed to remit said deductions to

the Plaintiff Union.  Defendant Ace, instead, used its employees dues for its own purposes.

26.    The Union's records indicate that Defendant Ace deducted, but failed to remit

authorized dues for the period of May and July 2010, and September 2010 through March 31,

2011, in the amount of $10,127.20.

### Count III: Breach of Promissory Note

27.    On or about September 17, 2010, Defendants W. Stewart and R. Stewart executed

and delivered to Plaintiffs an Agreement and Promissory Note.  The terms of the Agreement and

Promissory Note are specifically stated in the document, which is attached as Exhibit B to this

Complaint.  In the Agreement and Promissory Note, Defendants W. Stewart and R. Stewart

stipulate that contributions and liquidated damages are due to the Welfare Fund and the

Defendants will be liable for the full amount of unpaid contributions, plus liquidated damages

and attorney fees and costs, in the event the Defendants fail to make timely payments pursuant to

the Agreement and Promissory Note.

28.    In the Agreement and Promissory Note executed on September 17, 2010,

Defendants W. Stewart and R. Stewart promised to pay $84,314.35 to the Welfare Fund, and

agreed, upon default, to pay any cost incurred in collection of the delinquencies, including attorney fees and liquidated damages.

### Count IV: Claim Against Personal Guarantee

29.     On or about August 18, 2010, Defendants W. Stewart and R. Stewart, in their individual capacities as owners of Ace, executed and delivered to Plaintiffs a corporate and personal guarantee.  The terms of the guarantee is specifically stated in the guarantee itself, which is attached as Exhibit C to this Complaint.  In the guarantee, Defendants W. Stewart and R. Stewart absolutely and unconditionally guarantee and promise to pay all the debts due to the Welfare Fund based on the collective bargaining agreement with Plaintiff Union.

30.     Defendant Ace and Defendants W. Stewart and R. Stewart, individually, owe to the Plaintiffs all delinquencies, liquidated  damages, interest and attorney fees owed to the Plaintiff Welfare Fund, as well as the dues deducted and not remitted to Plaintiff Union.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, and cause this matter to be in every way expedited and upon hearing, to:

a.     Order the Defendants to submit to an audit of its payroll accounts as required by the collective bargaining agreement, the trust and by ERISA;

b.     Issue a declaratory judgment finding that Defendants are in violation of the collective bargaining agreement, the Welfare Fund's documents and ERISA, and that the Defendants are delinquent in welfare contributions in such amounts as are shown by the audit conducted, plus liquidated damages and interest, as well as delinquent in remitting working

assessments to Plaintiff Union as required by the collective bargaining agreement;

     c.      Issue an injunction requiring Defendants to abide by the collective bargaining agreement and pursuant to the terms thereof, fulfill the monetary obligations to the Welfare Fund and Union under the collective bargaining agreement;

     d.      Reduce the delinquency amount to the Welfare Fund and Union to a judgment to enable the Plaintiffs to collect all monies owed by the Defendants;

     e.      Reduce the amount of the Agreement and Promissory Note, plus liquidated damages and interest to judgment to enable the Welfare Fund to collect monies owed by the Defendants;

     f.      Order that Defendants W. Stewart and R. Stewart, pursuant to the executed Guarantee, is personally liable to the Plaintiffs for the debts and obligations of Defendant Ace;

     g.      Order the Defendants to pay such reasonable attorney fees and costs, including but not limited to the cost of an audit, as are incurred by the Plaintiffs in bringing this action; and,

     h.      Grant such additional and further relief as in equity the Court deems proper and just.

                                   BY:     s/ Allison Kahalley
                                       Allison S. Kahalley [KAHAA8124]
                                       Kimberly Calametti Walker [CALAK4410]
                                       *Counsel for Plaintiffs*

                                       THE GARDNER FIRM, P.C.
                                       P.O. Box 3103
                                       Mobile, AL 36652
                                       251-433-8100
                                       251-433-8181 - Facsimile
                                       akahalley@thegardnerfirm.com

                                           9

**Please serve Defendants via certified mail at:**

Ace Fabrication, Inc.
Attn: Mr. Gary Edgeworth, Registered Agent
2715 Dauphin Street
Mobile, AL 36606

Ace Fabrication, Inc.
c/o Ms. Robin Stewart, Owner
2715 Dauphin Street
Mobile, AL 36606

Mr. William Stewart
c/o Ms. Robin Stewart, Owner
2715 Dauphin Street
Mobile, AL 36606

Mr. William Stewart
5906 Vaughn Drive
Satsuma, Alabama 36572

Ms. Robin Stewart
5906 Vaughn Drive
Satsuma, Alabama 36572