IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' UNION LOCAL #441 HEALTH and WELFARE FUND, *et al.*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION 11-0191-WS-M |
| | ) |
| ACE FABRICATION, INC., *et al.*, | )<br>) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on the Suggestion of Bankruptcy (doc. 27) filed by defendants William F. Stewart, III and Robin C. Stewart.

That filing reflects that these individual defendants have filed a petition for relief under Chapter 7 of the Bankruptcy Code. The Stewarts' bankruptcy proceeding was filed in the U.S. Bankruptcy Court for the Southern District of Alabama on October 13, 2011, and has been assigned docket number 11-04223.

Ordinarily, when a debtor files a Chapter 7 petition in Bankruptcy Court, that filing triggers the Bankruptcy Code's automatic stay provision, which generally provides that the filing of such a petition operates as a stay of "the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title …." 11 U.S.C. § 362(a)(1). The Complaint in this action was filed on April 20, 2011, well before the Stewarts' filing of their petition in Bankruptcy Court; therefore, the automatic stay on its face precludes plaintiffs from proceeding in this action against the Stewarts at this time. Accordingly, it is hereby **ordered** that this action is **stayed** as to defendants William F. Stewart, III and Robin C. Stewart pending further order of the Court. The Stewarts are **ordered** to notify the Court in writing within seven (7) calendar days of either the issuance of relief from the automatic stay or the dismissal or other cessation of the bankruptcy proceedings. To keep the Court apprised as to these related

proceedings, the Stewarts are further **ordered** to file, on or before the **first Wednesday of each month**, a written report reflecting the status of the bankruptcy matter, with the first such report to be due in **December 2011**.

The obvious question is what should become of plaintiffs' claims against defendant Ace Fabrication, Inc., in the interim.  Ace Fabrication (which is represented herein by counsel) has not filed any suggestion of bankruptcy.  As a general proposition, the automatic stay provisions of § 362(a) do not operate to stay claims against non-debtor defendants.  *See, e.g., American Prairie Const. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007) ("Section 362(a) … does not apply, however, to actions not directed against the debtor or property of the debtor.").  Nonetheless, there is an "unusual circumstances" exception to this rule which would allow a § 362(a) stay to extend to claims against non-debtor co-defendants.  *See generally Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co.*, 2009 WL 2413664, *1-2 (S.D. Ala. Aug. 3, 2009) (discussing and collecting authorities concerning "unusual circumstances" exception).  The remaining parties are **ordered**, on or before **November 16, 2011**, to file responses setting forth their position as to whether the automatic stay should or should not reach plaintiffs' claims against defendant Ace Fabrication.  Although they are free to address any issue related to the scope of the stay, those responses should, at a minimum, address plaintiffs' pending, ripe Motion for Summary Judgment (doc. 22) against all defendants, to which no defendant filed any opposition.  The Court is particularly interested in the parties' positions as to the following question:  Because the Rule 56 Motion is pending against all defendants, would concerns such as intertwining of issues among the defendants, the risk of inconsistent results, and judicial economy constitute "unusual circumstances" that might warrant extending the stay to Ace Fabrication?  The parties' responses should be supported by legal authority as appropriate.

DONE and ORDERED this 2nd day of November, 2011.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE